Carroll June **BENECKE** and Audrey Marie Benecke, his wife, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 22088.

United States Court of Appeals Fifth Circuit.

Feb. 10, 1966.

Wm. D. Jones, Jr., Jones & Foerster, Jacksonville, Fla., A. Max Brewer, Crofton, Brewer & Holland, Titusville, Fla., for appellants.

Francis G. Rearick, Orlando, Fla., Ramsey Clark, Asst. Atty. Gen., Roger

P. Marquis, Raymond N. Zagone, Attys., Dept. of Justice, Washington, D. C., Edwin L. Weisl, Jr., Asst. Atty. Gen., Robert M. McKee, Attorney, Department of Justice, Washington, D. C., for appellee.

Before JONES and BROWN, Circuit Judges, and BREWSTER, District Judge.

JONES, Circuit Judge:

█ The United States brought a suit to acquire title to lands in Brevard County, Florida, by eminent domain. In the schedule, annexed to the complaint, of lands to be taken was Tract No. 3446 which was there described as "The SE¼ of the SW¼, except the North 460 feet, in Section 31, Township 21 South, Range 37 East, Brevard County, Florida, containing 15.81 acres, more or less." The appellants, Carroll June Benecke and Audrey Marie Benecke, his wife, were the owners of Tract 3446. They answered the complaint asserting their fee simple ownership of the tract, and demanded a jury trial. Tract 3446 has an admitted area of 26.06 acres, which is 10.25 acres more than the area specified in the Government's complaint. The area given in deeds and other instruments is generally immaterial where there is an adequate description of the property. Lopez v. Smith, Fla., 145 So.2d 509. Of the 26.06 acres, 15.81 acres was upland and 10.25 acres was bottom land in Happy Creek. Government counsel at one point in the trial indicated a belief that the Happy Creek bottom land might be under navigable waters with title in the State of Florida. This contention was abandoned and is not here urged. It was established and found in the district court, and is here conceded by the Government, that Tract 3446 was taken by the Government, that it was owned by the appellants, and that its area is 26.06 acres rather than the 15.81 acre figure used in the schedule.

The Government and the appellants each produced two witnesses who testified as to value.[1] Robert M. McKey testified for the Government to a value of $27,300. He valued the improvements at $14,250. As to the land, the witness said there were 11 acres of high land having 700 feet of frontage on Happy Creek with a value of $16.50 a front foot, or $11,550, and 4.81 acres of marsh land to which he attributed a value of $250 per acre, which would amount to $1,202.50, so that, in the language of the witness, "the total valuation of the land is $12,750.00." On cross-examination the witness McKey was asked how many acres were in Tract 3446 and he answered "15.81 acres in the entire tract. That's the area that I appraised."

The Government's other witness, Levie D. Smith, identified Tract 3446 as containing 26.6 [26.06] acres. He valued 9 acres of high land at $1,000 per acre, $9,000; 4.94 acres at $250 per acre, $1,235, enhanced by the value of citrus trees to the extent of $1,000, making a total land value of $12,235, which he "rounded off" to an even $12,000.[2] The witness Smith valued the improvements at $16,000, making an overall total of $28,000 as the value, in his opinion, of the property taken. On cross-examination this witness was asked if he would correct his figures to conform to 26.06 acres. The question was met with an objection and the objection was sustained. He was asked if he would adjust the acreage figures he had used, totaling 13.94 acres, to include the 15.81 acres and he declined to do so. Further inquiry was prevented by objections of Government counsel which the court sustained.

The appellants moved to strike the testimony of the Government appraisers on the ground that they had appraised only 15.81 acres and 13.94 acres, respectively, and not the 26.06 acres which was

---

1. The Court's task in attempting to review the testimony has been made difficult by the arrangement, or rather lack of arrangement, in the record. The trial proceedings occurring on June 4, 1964, appear on pages 101 et seq. of the record, and are preceded in the record by the subsequent proceedings of June 9, 1964, shown at pages 15 et seq. and of June 11, 1964, at pages 26 et seq.

2. The apparent addition error of $1,000, reduced to $765 by the rounding off, favored the appellants and need not be considered on their appeal.

the area of the tract taken. The motion was denied. The appellants' witness Elton Hall gave a total valuation on $61,900 which included $896.77 for the 10.25 acres of Happy Creek bottom or submerged land. The appellants' witness J. M. Fogg appraised the tract and improvements at a value of $56,500, which included the bottom land at the same figure placed upon it by the witness Hall.

The witness McKey was recalled by the Government as a witness on rebuttal and was asked if the ownership of the fee [misspelled as "feet" in the record] of the creek bottom was considered in appraising the tract of land. An objection by counsel for the appellants was interposed on the ground that the question was not rebuttal but was a reopening of the Government's case in chief. The objection was sustained.

The court instructed the jury, among other things,

> "That there is no issue as to the amount of acreage in Tract 3446. * * * The Government has agreed that the said Tract 3446 has 26.06 acres of which ten and a half acres [sic] acres is bottom land in Happy Creek. * * * "

The jury returned a verdict for $34,300. Judgment on the verdict was entered, and the appellants made a motion for a new trial which was denied. This appeal followed. The position of the appellants is that the jury was permitted to consider the testimony of witnesses as to the value of the property taken who gave no consideration to a portion of the property, and that this was error. The appellants urge with some measure of plausibility that the Government has offered no evidence of the value of the entire tract taken and that they should have judgment for $56,500, the lesser of the appraisals of their witnesses.

The position now taken by the Government is that its witnesses did determine the value of the entire tract, but the difficulty with this position is that the witnesses did not so testify. One testified as to 15.81 acres and the other as to 13.94 acres, and when appellants' counsel attempted to get an explanation of the variances he was unable to do so. The Government urges that its witnesses included no value for the bottom land because they thought it had no value. This doctrine cannot prevail. One of the Government witnesses, and perhaps the other, was told to exclude the 10.25 acres of bottom land in making the appraisal. The Government says that it knows of no rule of law requiring a valuation witness to assign a value to every element inhering in the land condemned. But no authority to the contrary is cited and we are not called upon to decide such a question. If the Government for some inscrutable purpose, had condemned only the Happy Creek bottom land, could it take it without compensation? The statement of such a proposition demonstrates its absurdity.

It is our studied conclusion that the testimony of the Government witnesses does not show that they appraised the entire tract taken. On the contrary, it appears that they valued somewhat less than the entire tract. While it may be permissible to infer a value of the whole from the aggregate of the value of the parts, it must appear that all of the parts were included. The value of the bottom land may be only nominal. On the other hand it may be substantial. Whatever the value of the entire tract may be and however it is ascertained, it cannot be determined by valuing less than the entire tract.

We are unable to agree with the appellants that we should remand the cause for a judgment in the amount of the lesser of the valuations as shown by the testimony of their two witnesses. The interests of justice will be best served by a new trial. So that such new trial may be had, the judgment of the district court is

Reversed and remanded.